Charles NEAL, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant-Appellee.

No. 87–4442
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 4, 1987.

Lonnie R. Smith, Southwest Louisiana Legal Services Society, Inc., Lake Charles, La., for plaintiff-appellant.

Marguerite Lokey, Dallas, Tex., Sonia Cassidy, Asst. U.S. Atty., Shreveport, La. for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant seeks review of a district court order granting summary judgment to the Secretary of Health and Human Services. The Secretary denied appellant's claim for supplemental security income benefits under 42 U.S.C. §§ 423(a) and 1381a. Finding that the Secretary's determination is supported by substantial evidence, we affirm.

## I.

Appellant Charles Neal is a 52–year old former construction laborer and sawmill worker with an eighth grade education. He has not worked since April, 1983. Neal was hospitalized in January, 1985 and diagnosed as having tuberculosis. He was placed on triple drug therapy and discharged 15 days later in stable condition. On February 5, 1985, he filed an application for supplemental security income benefits under 42 U.S.C. §§ 423(a) and 1381a alleging disability due to tuberculosis and alcoholism. In conjunction with his application, he underwent pulmonary function studies in April, 1985 to determine the severity of his tuberculosis. The studies indicated that Neal suffered from a minimal mixed predominately obstructive respiratory impairment with slight improvement after bronchodilator inhalation. A psychiatric examination conducted in May 1985 yielded a diagnosis that Neal was mentally clear, showed no indication of psychotic disturbance and suffered from probable chronic alcoholism with associated psychotic reaction which was in remission. At the examination, he reported that he had quit drinking in December 1984.

In December, 1985, Neal was again hospitalized following complaints that he was coughing up blood. Doctors concluded that he was suffering from hemoptysis or pulmonary hemorrhaging. Smear cultures performed at this time revealed that his tuberculosis had become inactive. He was discharged a week later. Cultures performed later that month revealed that his tuberculosis was still inactive.

Both the state agency and the Social Security Administration denied Neal's claim for disability benefits. Neal sought de novo administrative review of the Secretary's denial. An administrative hearing was held December 12, 1985. By decision dated May 8, 1986, the administrative law judge denied Neal's claim finding that Neal had not met the durational requirement of the Social Security Act. This decision was affirmed by the appeals council on June 19, 1986.

Having exhausted his administrative remedies, Neal sought judicial review in the Western District of Louisiana by complaint dated August 20, 1986. On April 28, 1987, a United States Magistrate recommended that the Secretary's motion for summary judgment be granted. On May 10, 1987, the district court adopted the magistrate's recommendation and entered summary judgment in favor of the Secretary. Neal now appeals claiming that his disability did meet the durational requirement of the Social Security Act. He further contends that the Secretary incorrectly relied on the medical vocational guidelines or "grids" contained at 20 C.F.R. Part 404, Subpart P, app. 2, §§ 200.00–204.00 (1987) to determine that he could perform substantial gainful activity and therefore

was not disabled within the meaning of the Act. Because we affirm on the first issue, we find it unnecessary to reach the second.

## II.

■ A claimant under the Social Security Act may seek judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Judicial review is limited to a determination that the Secretary's decision was supported by substantial evidence existing on the record as a whole and that no errors of law were made. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986). The court may not reweigh the evidence nor may it substitute its judgment for the Secretary's. *Fields v. Bowen*, 805 F.2d 1168, 1169 (5th Cir.1986). Nonetheless, the court must scrutinize the administrative record to determine if substantial evidence does indeed support the Secretary's decision. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir.1983).

■ A claimant for supplemental security income bears the initial burden of demonstrating that he is disabled within the meaning of the Social Security Act. *See Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir.1987); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). If the claimant carries his burden, the burden then shifts to the Secretary to show that the claimant is capable of performing substantial gainful activity and is therefore not disabled. *Fields v. Bowen*, 805 F.2d at 1170. The Secretary makes this determination using a five step test set forth at 20 C.F.R. § 404.1520(a)–(f) (1987). Because Neal did not meet his initial burden of demonstrating that he was disabled, there was no need for the Secretary to apply the five step test in this case.

To show that he is disabled, a claimant must demonstrate that he is "[unable] to engage in any substantial gainful activity [1] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1983). The Act further provides:

"[f]or purposes of paragraph (1)(A) ... an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (1983).

The Code of Federal Regulation further clarifies the claimant's burden of proof. It states:

Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.

20 C.F.R. § 404.1509 (1987).

■ To meet the duration requirement the claimant must demonstrate not simply that his disability prevented him or would prevent him from performing his past relevant work for a continuous period of 12

---

**1.** The Code of Federal Regulations defines substantial gainful activity as work that:

"(a) involves doing significant and productive physical or mental duties; and

(b) is done (or intended) for pay or profit."

20 C.F.R. § 404.1510 (1987).

The Code further provides that:

Substantial gainful activity is work activity that is both substantial and gainful:

(a) **Substantial work activity.** Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get

paid less, or have less responsibility than when you worked before.

(b) **Gainful work activity.** Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) **Some other activities.** Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities or social programs to be substantial gainful activity."

20 C.F.R. § 404.1572 (1987).

months as appellant claims but rather that his disability prevented him or would prevent him from performing *any* substantial gainful activity for 12 continuous months.[2] *Fraga*, 810 F.2d at 1301 n. 3. Hence, it is perfectly possible that Neal cannot return to his past relevant work as a sawmill worker because of his tuberculosis yet not be considered disabled within the meaning of the Social Security Act. *See, e.g., Lovett v. Schweiker*, 667 F.2d 1, 3 (5th Cir.1981) (Secretary determines claimant diagnosed as having tuberculosis did not meet his burden of proving disability because pulmonary tests failed to disclose substantial respiratory impairment).

■ Substantial evidence supports the Secretary's finding that the appellant was able to perform substantial gainful activity prior to the expiration of the 12 month period. The administrative law judge concluded:

> While there is no question that the claimant was incapacitated during the times of active tuberculosis and hemoptysis, the evidence indicates he regained the residual functional capacity to engage in light work prior to the expiration of the twelve month period.

If a claimant regains his residual functional capacity prior to the expiration of the 12–month period, he is deemed able to perform work which exists in the national economy. 20 C.F.R. § 416.961. The ALJ must determine that the plaintiff is capable of performing work which exists in the national economy to conclude that he can perform substantial gainful activity. 42 U.S.C. § 423(d)(2)(A). A claimant is capable of engaging in light work if he falls within the following definition:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sit-

ting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b) (1987).

At his administrative hearing, Neal testified that despite his inactive tuberculosis, he was able to engage in the upkeep of his room and clothes. He mowed the yard every two weeks although it took him longer than it did before his illness. His recreational activities included walking, fishing, watching television and some visiting. He could stand for up to 30 minutes, sit, climb, reach and lift up to 25 or 30 pounds. However, he stated that because he fatigued easily, became shortwinded and felt a racing heart beat after sustained exertion, he could no longer work as a construction laborer. No medical evidence on the record contradicts Neal's testimony. Neal's description of his daily activities amply supports the ALJ's finding that he was able to engage in light work as defined by the Code.

■ Similarly, appellant's alcoholism, although chronic, is not disabling within the meaning of the Act. Before a finding of disability due to alcoholism can be made, it must be shown that the claimant is addicted to alcohol and cannot control his drinking voluntarily. *See, e.g., Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir.1985); *Ferguson v. Schweiker*, 641 F.2d 243, 249 (5th Cir.1981). For example, in *Heckler*, the claimant was found disabled due to alcohol addiction because he testified that he could not control his alcohol intake, drank half a case of beer each day and was fired for drinking on the job. *Heckler*, 950 F.2d at 505. By contrast, the record indicates that Neal's alcoholism is neither beyond his control nor an impediment to his work. Neal was hospitalized suffering from anxiety neurosis and alcohol addiction in 1975. He was reportedly nervous and

---

2. Exceptions have been made to the requirement that the disability last for a continuous 12 month period in cases of recurrent mental illness. *See Singletary v. Bowen*, 798 F.2d 818, 821–22 (5th Cir.1986). However, this exception has no application to cases of physical disability. Appellant's emotional disorder, chronic alcholism, will not exempt him from the burden of proving a continuous disability because his alcoholism was found not to interfere with his ability to work.

used alcohol to help him sleep. At that time he stated that he had never had blackouts or shakes and typically drank only after work. Since his hospitalization, he has been able to control his alcoholism with the help of medication. At his administrative hearing in December 1985 he testified that he had not had a drink for five weeks. He stated that since 1981 he has decreased his drinking because a doctor advised him that it was harming his health. No evidence indicates that his alcoholism ever interfered with his work. This testimony substantially supports the ALJ's finding that Neal's alcoholism was not a disability.

Because the administrative record substantially supports the Secretary's findings of no disability, the district court's order granting summary judgment is

AFFIRMED.