Arnold D. **RAINS**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. A. No. B–89–00380–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 17, 1989.

Jimmy Nettles, Beaumont, Tex., for plaintiff.

Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER REMANDING

COBB, District Judge.

The plaintiff, Arnold D. Rains, has brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health and Human Services ("the Secretary") denying his claim for a period of disability and disability insurance benefits under Sections 216(i) and 223 of Title II of the Social Security Act, 42 U.S.C. §§ 416(i), and 423. The plaintiff has moved for summary judgment, seeking either reversal or remand of the Secretary's decision. The defendant, the Secretary of Health and Human Services, has moved for summary judgment, seeking affirmance of his decision. For the following reasons, the plaintiff's motion for remand is granted, and the Administrative Law Judge ("ALJ") is directed to reconsider the evidence discussed in this opinion. The plaintiff's motions for reversal, for a different ALJ, and for consideration of new evidence are all denied.

## ADMINISTRATIVE HISTORY

The plaintiff, a 54–year–old male, has a high school education, and previously worked as a heavy equipment operator. The plaintiff filed an application for Title II disability benefits on August 21, 1986, alleging disability since February 12, 1982, due to a bad back and legs. The plaintiff's application was denied initially and on reconsideration. The plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 22, 1988. On April 16, 1988, the ALJ issued an opinion denying the plaintiff disability benefits. The plaintiff appealed, offering to present new evidence. The appeals council directed the ALJ to consider the new evidence and issue a new opinion. On October 26, 1988, the ALJ issued a second opinion denying the plaintiff disability insurance benefits. The plaintiff again appealed and again offered to present new evidence. The appeals council denied the second appeal, and therefore on April 3, 1989, the ALJ's opinion was adopted as the Secretary's final decision. That decision is now before this court on appeal for review by the plaintiff.

## THE FACTS

The plaintiff has a lengthy history of medical complaints, apparently beginning when he was involved in an automobile accident on March 12, 1982. On March 31, 1982, the plaintiff was admitted to Gulf Coast Hospital, and diagnosed as having a lumbosacral sprain, spondylolisthesis, and degenerative arthritis. At the time the plaintiff was admitted, Dr. Kilpatrick noted that the plaintiff complained of pain in his back and arm and numbness of the left arm. Dr. Kilpatrick stated that the plaintiff's condition seemed to be deteriorating. The plaintiff's neck was tender on flexion and extension, and he experienced pain when extending his legs. Dr. Athari, who performed a neurological evaluation while the plaintiff was in Gulf Coast, recommended physical therapy.

On July 14, 1982, the plaintiff was again hospitalized, this time at St. Elizabeth's Hospital. His physician, Dr. McNeill, admitted the plaintiff with a diagnosis of cervical and lumbar strain, with aggravation of pre-existing spondylolisthesis in the lumbar spine. At the time of admission, the plaintiff had only limited motion without pain in his neck, and tenderness in his mid lumbar region. The plaintiff continued to see Dr. McNeill over the next several years, and Dr. McNeill provided a great deal of information to the ALJ regarding the plaintiff's condition and treatment. Dr. McNeill's last report, dated October 21, 1987, noted that the plaintiff was still wearing the back brace he had been given Au-

gust 25, 1982. The plaintiff was still experiencing tenderness in the lumbar region.

The plaintiff was examined on November 10, 1986, by Dr. Mathew, at the request of the Texas Division of Disability Determination. Dr. Mathew reviewed X-rays and notes of other physicians, and assessed the plaintiff as having chronic low back pain, probably from degenerative disc disease, and chronic neck pain, probably from cervical spondylolysis.

In 1987, the plaintiff was treated by Dr. Brown, who also submitted reports to the ALJ. Finally, during the hearing, the plaintiff submitted to the ALJ a list of his medications. The plaintiff is taking Endocin and Vicodin daily for pain.

### THE LAW

■ The role of this court under 42 U.S.C. § 405(g) is to determine whether substantial evidence exists in the record to support the Secretary's decision. *Lopez v. Bowen*, 806 F.2d 632 (5th Cir.1986). This court may not try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla, less than a preponderance. *Id.* at 401, 91 S.Ct. at 1427.

It is appropriate here, before turning to the ALJ's examination of the evidence in this case, to reiterate the well-settled principle that this court may not re-weigh the evidence or try the issues *de novo*. *Neal v. Bowen*, 829 F.2d 528 (5th Cir.1987). The plaintiff, in his motion for summary judgment, has submitted new doctors' reports for this court's consideration. This court cannot affirm or remand the Secretary's decision based upon information not in the record of the ALJ. The plaintiff has consistently presented new and different reports each time he has sought review of an adverse decision, either to the appeals council, or this court. The appeals council has once permitted the new evidence, and once refused it. That is a matter within its discretion. It is not, however, a matter within the discretion of this court. This court does not sit as a fact-finder when reviewing a final decision of the Secretary. New facts cannot be considered for the first time on review. The only inquiry this court may pursue is that of whether the final decision of the Secretary is supported by substantial evidence, contained in the record of the ALJ.

Turning to the record as presented to the ALJ, and considering the ALJ's opinion, this court finds that the ALJ frequently mischaracterized the evidence in that record, and that his conclusion is not supported by the evidence actually in the record. The ALJ must consider on remand the following points, as they actually appear in the record.

First, Maunsell Wilkerson, a vocational expert, testified at the hearing held by the ALJ on March 22, 1988. Mr. Wilkerson testified that the plaintiff could no longer do his previous work as a heavy equipment operator. The ALJ then posed a hypothetical question to Mr. Wilkerson, describing an individual with the plaintiff's work experience, education, age, and physical limitations. The vocational expert was asked whether such an individual could perform other light work, specifically light van delivery or chauffeur work. Mr. Wilkerson answered, on page 78 of the court's transcript, "No, sir, he could not do those jobs." In the ALJ's opinion, at page 30 of the court's transcript, the ALJ wrote, "[I]n response to a hypothetical question which assumed the claimant's vocational profile (age, education, and work history), and residual functional apacity for the full range of light work, the vocational expert advised that the claimant could perform such representative jobs as a chauffeur and light van delivery, such as for a florist, office supply house, and pharmaceutical company." The vocational expert's testimony in the record reflects no such advice. This court cannot conclude that the ALJ based his conclusion that jobs which the plaintiff could do exist in the national economy on the testimony of the vocational expert. There is no other evidence in the record regarding other jobs in the national economy. The ALJ's conclusion on that point is not supported by substantial evidence.

Second, the ALJ correctly noted that a subjective claim of pain must be supported by clinical and laboratory diagnostic techniques. The plaintiff submitted an exhibit showing he takes two prescription medications, Endocin and Vicodin. The reports submitted by Dr. McNeill confirm that he prescribed these pain medications. In the ALJ's opinion, again at page 30 of the court's transcript, the ALJ wrote, "He [the plaintiff] does not take any prescriptive medications for pain . . .", and so concluded the plaintiff's testimony of chronic pain was not credible. There is no evidence in the record to indicate the plaintiff is not taking these medications, and substantial evidence to indicate he is. The ALJ's finding that the plaintiff was not credible, based on the fact that he took no prescription medicines for pain, is clearly not supported by substantial evidence.

In addition, the court notes that because the ALJ incorrectly concluded that the plaintiff took no pain medication, the ALJ made no findings regarding the effects of that medication. All of the jobs the ALJ found existed in the national economy and for which the plaintiff was supposedly qualified involve driving. The ALJ must make findings as to whether the plaintiff's medications make it unsafe for him to drive.

The court agrees that the ALJ properly applied the first steps of evaluation, and found that the plaintiff was not working during the alleged dates of disability; does not have a severe impairment or impairments that meet or equal a severe impairment as listed in Appendix I; and cannot do his past relevant work. However, the court finds that the ALJ's conclusion in the final step of the evaluation, that there existed other work the plaintiff could do, is not supported by substantial evidence. The plaintiff's motion for remand is granted, and the ALJ is directed to make findings in accordance with this opinion.