**Joyce W. NARCISSE**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. A. No. 91–0680.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

June 25, 1992.

John Thompson, Lafayette, La., for Joyce W. Narcisse.

John Broadwell, Shreveport, La., for Secretary of Health and Human Services.

## JUDGMENT

SHAW, Chief Judge.

This matter was referred to United States Magistrate Judge Pamela A. Tynes for Report and Recommendation. After an independent review of the record, this Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions set forth therein.

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that the Secretary's Motion for Summary Judgment is DENIED and plaintiff is awarded appropriate benefits consistent with an onset date of January 1, 1985.

Lafayette, Louisiana, this 23rd day of June, 1992.

## REPORT AND RECOMMENDATION

TYNES, United States Magistrate Judge.

This social security appeal was referred to me for review, report and recommendation pursuant to this Court's Standing Order of December 19, 1991.

## BACKGROUND

Joyce W. Narcisse ("Narcisse") was born on July 23, 1948, has a seventh grade education and has no past work experience. Narcisse filed for Supplemental Security Income on January 24, 1989 alleging a period of disability since January 1, 1985, based upon obesity, ulcers, hypertension, kidney and gall stones and a nervous condition. Plaintiff's claim was denied initially and upon reconsideration. On August 3, 1989, a hearing before an Administrative Law Judge ("ALJ") was conducted and on October 3, 1989 the ALJ issued an opinion denying plaintiff's application for benefits (Tr. 11–16). On February 22, 1991, the Appeals Council issued a decision upholding the ALJ, thus making the decision of the ALJ the final decision of the Secretary from which plaintiff now appeals. The ALJ made the following findings: (1) The claimant has not engaged in substantial gainful activity; (2) The medical evidence establishes that the claimant has severe morbid obesity, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (3) Claimant's assertions relative to functional limitations and restrictions on activities of daily living, particularly inability to walk appreciable distances or stand for more than 30 minutes on a sustained basis and constant nausea, are not credible and do not comport with the objective medical evidence of record, particularly that of the consultive evaluation of Dr. McCormick; (4) The claimant has the residual functional capacity to perform the physical exertion requirements of work except for manual labor. Claimant's obese condition would permit her to work up to 8 hours a day at the sedentary level (20 C.F.R. 416.945); (5) The claimant has the residual functional capacity to perform the full range of sedentary work (20 C.F.R. 416.967); (6) The claimant is 41 years old, which is defined as a younger person (20 C.F.R. 416.963); (7) The claimant has a limited seventh grade education (20 C.F.R. 416.964); (8) In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material; (9) Section 416.969 of Regulations No. 4 and Rule 201.24, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual func-

tional capacity, age, education, and work experience, she is not disabled; (10) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. 416.920(f)).

### ISSUES PRESENTED

The sole issue presented is whether there is substantial evidence to uphold the ALJ's findings of non-disability.

### STANDARD OF REVIEW

This Court's review "is limited to a determination that the Secretary's decision was supported by substantial evidence existing in the record as a whole and that no errors of law were made." *Neal v. Bowen*, 829 F.2d 528, 530 (5th Cir.1987); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

> * * * However, we may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute our judgment for that of the Secretary, even if the evidence preponderates against the Secretary's decision ...

*Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir.1988). *See also Fields v. Bowen*, 805 F.2d 1168, 1169 (5th Cir.1986); *Neal v. Bowen*, 829 F.2d at 530. Substantial evidence is more than a scintilla, but less than a preponderance, and is:

> ... such relevant evidence as a reasonable mind might accept to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983), citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir.1973).

### FINDINGS AND CONCLUSIONS

█ The legal standard for determining disability under Title II and XVI of the Social Security Administration is whether a claimant is unable to perform substantial gainful activity for at least 12 consecutive months because of a medically determinable impairment. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A five-step "sequential evaluation" process for determining disability is set out in the Secretary's Regulations. 20 C.F.R. §§ 404.1520, 416.920. In this case, the Secretary found plaintiff not disabled at step 5, at which the Secretary must show that a claimant who cannot perform her past relevant work can perform other work in the national economy. In this instance, the ALJ chose not to take vocational testimony and instead relied solely on the Medical–Vocational Guidelines in Appendix 2 of the Regulations to find plaintiff not disabled. Having reviewed the record in its entirety and the memoranda submitted by plaintiff and the Secretary, I find that the ALJ's finding of not disabled is not supported by substantial evidence.

The medical record indicates that the plaintiff is 5 foot 2 inches tall and weighs approximately 400 pounds. Plaintiff was treated on multiple occasions at Franklin Foundation Hospital between June 15, 1981 and March 13, 1987. The record further indicates that plaintiff had kidney stones, gall stones, peptic ulcers, swelling of the legs and feet and experienced shortness of breath. The plaintiff was also diagnosed with hypertension, an esophageal hiatal hernia and a slightly enlarged heart.

The plaintiff was consultatively examined by Dr. Louis H. McCormick, III on March 7, 1989 at which time Dr. McCormick reported that plaintiff's lumbosacral spine x-rays were difficult to interpret due to plaintiff's obesity. Plaintiff's blood pressure was elevated at 140/100. Dr. McCormick further reported that plaintiff had a normal range of motion in all joints with no signs of inflammatory arthritis. Dr. McCormick reported no neurological deficits and her mental status appeared to be alert. Plaintiff's ECG was normal and her creatinine was normal; however, Dr. McCormick noted that plaintiff experienced shortness of breath and fatigue with a small amount of exertion such as simply walking down the hall to the x-ray room. Finally, Dr. McCormick, based on the eval-

uation above, concluded that plaintiff could not do any manual labor because of her morbid obesity, but she could do work for 6-8 hours a day that is sedentary (Tr. 109–110).

Plaintiff's testimony elicited by the ALJ at the administrative hearing, revealed that plaintiff had been unable to stay on a diet although she usually eats only one meal a day. Plaintiff is often nauseated and vomits 3-4 times a week. Plaintiff is unable to walk any appreciable distance or even stand on her legs for more than 30 minutes. Plaintiff is practically illiterate and merely looks at pictures in magazines. Plaintiff has not seen any doctors lately because she has no income and cannot afford any medication. Plaintiff attempted to work at a cafe but was unable to perform her duties and was sent home after the first day. Plaintiff cannot do any household chores including cooking her own meals. Even the Social Security Administration claim's representative noted plaintiff had difficulty in walking, breathing and sitting at the interview and appeared breathless after walking to the desk. Finally plaintiff lives in the country and is unable to fit behind the steering wheel of a car and is too large to use public buses.

The ALJ relied on the consultive examination of Dr. McCormick to support his conclusion that plaintiff was capable of performing the full range of sedentary work. Once the ALJ found plaintiff could perform the full range of sedentary work, he applied the Medical–Vocational Guidelines to find plaintiff capable of performing the full range of sedentary work and thus not disabled.

Generally, if a claimant is able to engage in substantial gainful activity, then she will be considered not disabled. 20 C.F.R. 404.-1571. Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. 404.1510. The Fifth Circuit has stated:

"A finding that a claimant is able to engage in substantial gainful activity re-

quires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time."

*Singletary v. Bowen,* 798 F.2d 818 (5th Cir.1986); *See also Leidler v. Sullivan,* 885 F.2d 291 (5th Cir.1989).

The Fifth Circuit has also stated that a claimant "must have the ability to perform the required physical acts day in and day out in the sometimes competitive and stressful condition in which real people work in the real world." *Martin v. Heckler,* 748 F.2d 1027, 1035 n. 5 (5th Cir.1984); citing *Allred v. Heckler,* 729 F.2d 529, 533 (8th Cir.1984).

Upon review of the record as a whole, I find there is not substantial evidence upholding the Secretary's determination that Narcisse is not disabled and is able to perform substantial gainful activity. Sedentary work activity involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. § 404.1567(a). The record indicates plaintiff cannot perform a job day in and day out that requires her to do even the smallest amount of walking. Additionally, the record indicates plaintiff is unable to perform those jobs that require reading, writing or spelling.

Plaintiff's physical impairments closely approximate the disability requirements under Section 10.10(B) of the Defendant's Listing of Impairments. Plaintiff's morbid obesity combined with her uncontrolled blood pressure and other medical problems described in the Franklin Foundation Hospital records, Dr. McCormick's findings of shortness of breath on walking short distances and high blood pressure, all indicate plaintiff is for all practical purposes unable to perform any substantial gainful activity. The medical records, although limited, do establish an objective medical basis to support Narcisse's claims of disability. This

plaintiff, who is admittedly morbidly obese, who has hypertension, gall stones, kidney stones, peptic ulcers, and other debilitations, is not in such a condition as to be considered reasonably able to obtain and keep employment commensurate with her paucity of learning, skill and physical difficulties. See *Causby v. Celebrezze,* 244 F.Supp. 274 (W.D.S.C.1965). The ALJ has not established that jobs exist in the national economy that plaintiff can perform day in and day out in the sometimes competitive and stressful conditions in which real people work in the real world.

For the foregoing reasons, the ALJ's finding that Narcisse could perform the full range of sedentary work is not supported by substantial evidence. Because the record is void of evidence regarding jobs plaintiff is capable of performing, it is my recommendation that the plaintiff be awarded appropriate benefits consistent with an onset date of January 1, 1985.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C), the parties have ten (10) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the District Judge prior to a final ruling. FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATION CONTAINED IN THIS REPORT WITHIN TEN (10) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS ON APPEAL.

Lafayette, Louisiana, this 29th day of May, 1992.