United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-10222
Summary Calendar

---

CECIL W NALL

Plaintiff - Appellant

v.

JO ANN B BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-00259-A
---------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Cecil W. Nall appeals the affirmance of the Social Security Commissioner's denial of his application for disability benefits. Nall first argues that substantial evidence did not support the administrative law judge's (ALJ's) assessment of his residual functional capacity for light work. He argues that the ALJ erred by not explicitly stating that Nall could maintain light work for 40 hours per week. The ALJ's resolution of this issue was subsumed in the analysis regarding Nall's ability to return to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light work and was supported by substantial evidence.  See Frank v. Barnhart, 326 F.3d 618, 619 (5th Cir. 2003).

Second, Nall argues that the ALJ failed to give appropriate weight to the opinion of his treating physician.  He also argues that the ALJ had a duty to seek clarification before giving his doctor's opinion little or no weight.  Because the opinion of his treating physician was contradicted by other medical evidence based on personal examination of Nall, the ALJ did not err in giving the opinion little or no weight without seeking clarification.  See Newton v. Apfel, 209 F.3d 448, 453 (5th Cir. 2000); see also Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

Third, Nall argues that the ALJ erred in evaluating the level of exertion required to perform his past relevant work.  Nall did not raise this issue below; review is therefore limited to plain error.  See Kinash v. Callahan, 129 F.3d 736, 739 n.10 (5th Cir. 1997).  Because Nall has not argued that he is completely unemployable, he has not shown that he is disabled within the meaning of the Social Security Act and cannot prevail under the plain error standard.  42 U.S.C. § 423(d)(1)(A); Kinash, 129 F.3d at 739 n.10.

Nall last argues that the ALJ erred in finding that his testimony was not credible, to the extent that he alleged that he is completely unable to perform any work activity.  He argues that the ALJ failed to apply the factors enumerated in Social

Security Regulation 96-7P.  The ALJ applied five of the seven listed factors in his analysis.  Any failure to apply the remaining two constitutes harmless error as Nall has not alleged that they apply to his condition.  See Frank, 326 F.3d at 622; see also 1996 WL 374186 (SSR 96-7P).  Moreover, substantial evidence supports the ALJ's credibility determination and is therefore entitled to judicial deference.  See Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990).  The district court's order affirming the Commissioner's denial of benefits to Nall is AFFIRMED.