George W. PARKER, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant.

Civil Action No. 1:05–CV–115.

United States District Court, E.D. Texas, Beaumont Division.

April 19, 2006.

Steven S. Packard, Packard Packard & Lapray, Beaumont, TX, for Plaintiff.

Roberta Gene Bowie, Social Security Administration, Dallas, TX, for Defendant.

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CRONE, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is **ADOPTED.** A Final Judgment will be entered separately, affirming the decision of the Commissioner and dismissing this action.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) (2001) and Loc. R. CV–72 & App. B, R.1(H) for the Assignment of Duties to United States Magistrate Judges; *see also* Gen. Order 05–6.

### I. NATURE OF THE CASE

Plaintiff requests judicial review of the Commissioner of Social Security Administration's decision denying plaintiff's application for disability insurance benefits. United States district courts may review such decisions. 42 U.S.C. § 405 (2003).

### II. PROCEEDINGS

Plaintiff applied on July 2, 2001, claiming disability beginning June 29, 2001 (Tr. 64), due to *"neuropathy in both feet."* (Tr. 78). Following initial denial of his claim, plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 34). ALJ Clifford A. Leinberger convened an evidentiary hearing on December 19, 2002. Plaintiff was represented at the hearing by attorney Jonathan Healy, Esq.

ALJ Leinberger received direct testimony from plaintiff, vocational expert (VE) Herman Litt,[1] and medical expert (ME) Dr. Jeffrey Gaitz, M.D.[2] The re-

---

**1.** Mr. Litt is a certified rehabilitation counselor who practices vocational and individual rehabilitation counseling. Tr. 54. Vocational Experts are utilized by the ALJ to determine complex issues, such as whether a claimant's "work skills can be used in other work and the specific occupations in which they can be used." 20 C.F.R. § 404.1566(e) (2005).

**2.** Dr. Gaitz specializes in adult neurology. Tr. 57. When a medical professional functions as an expert witness at an administra-

maining evidentiary record consisted of reports from treating sources;[3] a "Residual Functional Capacity Assessment" completed by a medical consultant who reviewed plaintiff's medical records upon request of Texas Department of Disability Determinations;[4] and a consultative examination report from a neurologist, Dr. Fayez K. Shamieh, M.D.

## III. ADMINISTRATIVE DECISION

The Commissioner prescribes a five-step sequential evaluation analysis to aid in determining when claimants are disabled. If a claimant is found disabled—or not disabled—at any step, the remaining steps are not considered. 20 C.F.R. § 404.1520 (2005). This procedure has judicial approval as a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell,* 461 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use

of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

ALJ Leinberger proceeded to Step Four before reaching a decision. He found that plaintiff is not working (Step One), and has a severe impairment, polyneuropathy (Step Two). He concluded that this impairment does not meet or medically equal the Listing of (presumptively disabling) Impairments (Step Three).[5] At Step Four, ALJ Leinberger first determined that plaintiff has residual functional capacity[6] for sedentary work.[7] Then, based on expert vocational testimony (Tr. 207), ALJ Leinberger found that plaintiff can still perform his "past relevant work as a console operator and operations scheduler." Tr. 23. Because he found that plaintiff can perform past relevant work, ALJ Leinberger determined that plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." Tr. 24, Finding 8.

tive law judge hearing, such professional is designated as a "medical expert." Social Security Ruling 96–6p (1996), 1996 WL 374180, at *4 n. 2.

3. Dr. Sandra Bruno, M.D., who treated plaintiff for diabetes mellitus, neuropathy, and hypertension (Tr. 104–122; 138–142); Dr. Richard Gilmore, M.D., cardiologist, who reported "good" results from a stress test(Tr. 131); records of pain management from Pain Management Clinic in Lake Charles, Louisiana (Tr. 132–137); and Dr. Kevin Gorin, M.D., who treated plaintiff for diabetes mellitus and neuropathy (Tr. 151–156).

4. The physician's signature is illegible and is not transcribed. Tr. 150. "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

5. Appendix I, Subpart P, Part 404 of the Regulations lists impairments and indicators of medical severity. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005). A person whose impairment meets or equals an impairment in the Listing is presumptively disabled. 20 C.F.R. § 404.920(d) (2005); See Soc. Sec. R. 88–3c (1988), 1988 WL 236022, at *7.

6. "Residual functional capacity (RFC) is defined as 'the most you can still do despite your limitations.'" 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2005). It has three components: physical abilities, mental abilities, and other impairments. *Id.*

7. Specifically, ALJ Leinberger found that plaintiff's has residual functional capacity "to lift and carry 5 pounds frequently and 10 pounds occasionally, stand, walk and move about 2 hours of a workday, and sit 6 hours of a workday." Tr. 22. This finding matches the Commissioner's definition and interpretation of sedentary work. *See* 20 C.F.R. 404.1567(a)(2005); Soc. Sec. R. 96–9p (1996), 1996 WL 374185, at *3.

## IV. POINTS OF ERROR AND COMMISSIONER'S RESPONSE

Plaintiff alleges the following points of error:

"The Commissioner *failed to apply proper principles of law* because:

1. The ALJ failed to set out whether the Plaintiff could perform the exertional and non-exertional demands on a regular and continuing basis.

2. *The ALJ improperly evaluated the Plaintiff's subjective complaints of pain.*

3. *The ALJ failed to make explicit and necessary findings as to the physical and mental demands of the Plaintiff's past work.*

*The Commissioner's decision is not supported by substantial evidence because:*

4. *The ALJ's decision is based on unreliable expert vocational testimony."*

Pl.'s Br. at p. 1 (underscoring added).

Points 1 and 4 are stand-alone arguments that must be addressed separately. Points 3 and 4 are related, and can be discussed and analyzed together.

## V. DISCUSSION

### A. Ability to Work on a Regular and Continuing Basis (Point of Error # 1)

Plaintiff argues that he cannot *maintain* employment, because of difficulty concentrating due to side effects of medication (Pl's Br. at p. 15); "chronic" and "constant neuropathic type pain ... in both feet" (*Id.* at p. 14); and pain-induced sleep difficulties (*Id.* at p. 13). Plaintiff argues that ALJ Leinberger erred by failing to discuss

and make specific findings regarding his ability to maintain employment.

Disability determinations turn on whether applicants can perform substantial gainful activity which inherently requires work activity on a sustained basis. In *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir.1986), the court explained the requirement as follows:

A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time.

Thus, substantial gainful activity contemplates capacity for employment on a regular and continuing basis. *See, e.g., Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003); *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir.2002) (both citing *Singletary* ).[8]

Courts once wrestled with whether administrative law judges should make explicit findings on the issue. However, it is settled now that reviewing courts generally assume that administrative residual functional capacity assessments include *implicit* findings of ability to work on a regular and continuing basis. *See Frank v. Barnhart*, 326 F.3d at 619 ("Usually, the issue of whether the claimant can maintain employment for a significant period of time will be subsumed in the analysis regarding the claimant's ability to obtain employment."). An exception is when medical or other evidence shows that symptoms caused by a severe impairment wax and wane.[9] Absent such showing, "the claim-

---

8. In accord are the Commissioner's regulations which now require administrative adjudicators to determine residual functional capacity for work activity *"on a regular and continuing basis."* 20 C.F.R. § 404.1545(b) (2004)(italics added). Finally, work on a regular and continuing basis means *"8 hours a*

*day, for 5 days a week, or an equivalent work schedule."* Soc. Sec. R. 96–8p (1996), 1996 WL 374184, at *2.

9. When symptoms wax and wane is a case-specific determination. In one case, the Court of Appeals for the Fifth Circuit stated

ant's ability to maintain employment is subsumed in the RFC determination." *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir.2005); *see also Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir.2003).

■ Here, plaintiff's symptoms are "chronic" and "constant." Pl.'s Br. at p. 14; see Tr. 78, 196. Plaintiff does not show that his symptoms wax and wane. ALJ Leinberger was not required to make explicit findings regarding plaintiff's ability to maintain employment on a regular and continuing basis. *Perez v. Barnhart*, 415 F.3d at 465. Plaintiff's first point of error therefore fails.

## B. Unreliable Expert Vocational Testimony (Point of Error # 4).

■ When eliciting expert vocational testimony, an ALJ typically poses a hypothetical question that incorporates all disabilities that the ALJ has found. If the disabilities recognized by the ALJ are reasonable under the evidence, and the ALJ's ultimate determination is consistent with the expert vocational testimony, the ensuing decision is considered to be supported by substantial evidence. *Morris v. Bowen*, 864 F.2d 333 (5th Cir.1988). However, if the hypothetical question is defective due to the ALJ's failure to accurately portray a claimant's physical and mental impairments, a determination of non-disability based on the vocational expert's answer to a defective question is not supported by substantial evidence, and cannot stand. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir.

2001) (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994)).

ALJ Leinberger asked VE Litt to consider a hypothetical person with residual functional capacity for sedentary work and who would experience *"mild to moderate pain discomfort ... while performing in that level."* Tr. 206. Plaintiff argues that ALJ Leinberger's hypothetical question is flawed because he asked the expert to consider mild to moderate pain while performing sedentary work, rather than specific limitations imposed by pain. Plaintiff argues that "[t]his 'limitation' is beyond the scope of the VE's expertise and it has rendered the opinion unreliable." Pl.'s Br. at p. 20.

■ There is a certain degree of intrinsic logic to plaintiff's point. Vocational experts typically lack medical expertise. However, plaintiff cites no authority for his proposition that a hypothetical question is inherently flawed if it requires a vocational expert to factor effects of pain into his answer. The court's independent research, moreover, leads to an opposite conclusion. *See, e.g., Vega v. Commissioner of Social Sec.*, 265 F.3d 1214, 1220 (11th Cir.2001) (holding that ALJ should have included complaints of pain in hypothetical question); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3rd Cir.1987) (holding that hypothetical question should have included allegations of pain which were supported by record); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir.1984) (holding that claimant's pain should have formed a part

that periodic loss of movement in one's legs due to degenerative disc disease might constitute a waxing and waning symptom. *Watson v. Barnhart*, 288 F.3d at 218. In another case, the Court stated that ability to work only for short periods of time due to mental impairment may also preclude maintaining employment. *Singletary v. Bowen*, 798 F.2d at 822–823. In yet another case, the Court found that a claimant's allegation of general

inability to work fails to "establish the factual predicate ... to necessitate a separate finding" of "whether the claimant is capable of maintaining employment." *Frank v. Barnhart*, 326 F.3d at 619. Similarly, an allegation that impairment causes "good days and bad days .... simply do[es] not rise to the level of impairment anticipated by the Court in *Frank*." *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir.2005).

of ALJ's question to vocational expert); *see also Haas v. Barnhart,* 91 Fed.Appx. 942, 948 (5th Cir.2004) (observing without critical comment that a hypothetical question included an element of pain).

Plaintiff's fourth point of error also fails.

## C. Evaluating Subjective Complaints (Point of Error # 2); Absence of Findings Re Physical and Mental Demands of Past Work (Point of Error # 3)

These two points both focus on plaintiff's subjective testimony at the evidentiary hearing before ALJ Leinberger. Plaintiff testified that his neuropathy causes his feet to hurt all of the time. Tr. 188. He acknowledged that he can sit for several hours at a time, but only with his feet elevated, as if in a reclining chair. Tr. 196; 199. He indicated that his most comfortable position is when sitting in a reclining chair, and his pain is less tolerable when standing, sitting normally, or even lying down. Tr. 196.

Had ALJ Leinberger fully credited this testimony, the result in this case might have been different. Vocational Expert Litt testified that special accommodations available in the workplace generally can allow workers to prop up their feet 18 to 24 inches. However, special accommodations to allow individuals to work with elevated feet from a reclining position are not available in the national economy. Tr. 208.

Plaintiff attacks ALJ Leinberger's rejection of his subjective complaints on two fronts. First, plaintiff argues that his subjective testimony constituted evidence of *"other measures used to relieve pain or other symptoms"* which Regulation 20 C.F.R. § 404.1529(c)(3) requires to be considered when determining the credibility of subjective testimony. Plaintiff argues that ALJ Leinberger failed to recognize plaintiff's testimony as such evidence and failed

to consider it. Therefore, he violated applicable law when making his credibility choice.

Second, plaintiff argues that ALJ Leinberger failed to make a specific finding of fact as to the physical and mental demands of plaintiff's past job or occupation as required by Social Security Ruling 82–62 when he determined that plaintiff can perform his past relevant work. Plaintiff contends that his past work (and all work according to vocational expert Litt) demands more than capacity to sit in a reclining position with feet elevated. Plaintiff reasons that had ALJ Leinberger made the specific finding required under the Ruling, he would have noted that plaintiff's present capacity does not allow him to perform his past work. Therefore, he would not have reached an adverse decision at Step Four of the sequential evaluation.

### 1. *Evaluating Subjective Complaints*

The only direct evidence regarding disabling effects of pain inevitably is the afflicted person. Such evidence, however, is largely subjective, and the task of determining when a claimant's allegations of pain are credible is difficult and inherently imprecise. The Commissioner attempts by regulation to establish an analytical rubric whereby administrative claims adjudicators can reach fair results with substantial consistency. Regulation 20 C.F.R. § 404.1529(c)(3) instructs adjudicators to conduct a seven-factor analysis when determining the credibility of a claimant's subjective complaints of pain. The adjudicator compares subjective testimony with certain objective factors, specifically:

(1) plaintiff's daily activities;

(2) location, duration, frequency and intensity of pain or other symptoms;

(3) precipitating and aggravating factors;

(4) type, dosage, effectiveness and side effects of medication taken to relieve pain or other symptoms;

(5) treatment, other than medication, undertaken to relieve pain or other symptoms;

(6) any other measures used to relieve pain or other symptoms; and

(7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3) (2005). Since substantive regulations have the force and effect of law, failure to employ the seven-factor analysis when assessing credibility of subjective complaints constitutes legal error. *Compare Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir.2002) (Failure to follow regulation constitutes legal error); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990) (Failure to follow standard established by regulation constitutes legal error). Such an error warrants a reversal unless harmless error analysis indicates that "remand would be an idle and useless formality." *NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 1430, 22 L.Ed.2d 709 (1969).

### 2. Determining Capacity to Perform Past Relevant Work

In a similar vein, the Commissioner's Ruling titled *"Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General,"* Soc. Sec. R. 82–62 (1982), 1982 WL 31386, establishes an objective, analytical protocol for determining a disability claimant's capacity to do past relevant work.[10] The Ruling directs adjudicators who determine that claimants can perform past relevant work

to include in their decision certain specific findings:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."

Soc. Sec. R. 82–62, at *4.

█ When an administrative law judge fails to follow a ruling, a plaintiff seeking judicial review must also demonstrate prejudice arising from that error to be entitled to relief. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981) (citing *Pacific Molasses Co. v. Fed. Trade Comm'r*, 356 F.2d 386 (1966)); *see also Morton v. Ruiz*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). A claimant may demonstrate prejudice by showing that, but for the error, the ALJ might have reached a different conclusion. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir.2000) (prejudice established by showing that supplementation of record might have led to a different outcome); *see also Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir.1995); *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir.1984).

### 3. Application and Analysis

#### a. Did ALJ Leinberger violate Regulation 20 C.F.R. 404.1529(c)(3)?

█ Evidence of "other measures used to relieve pain or other symptoms" is the sixth factor listed under Regulation 20 C.F.R. § 404.1529(c)(3). Such evidence therefore must be considered when deter-

---

**10.** The ruling announces its purpose as follows:

"To state the policy and explain the procedures for determining a disability claimant's capacity to do past relevant work

(PRW) as set forth in the regulations, and to clarify the provisions *so that [the regulations] will be consistently applied."*

Soc. Sec. R. 82–62 (1982), 1982 WL 31386, at *1 (emphasis added).

mining plaintiff's credibility as to the disabling effects of pain. ALJ Leinberger did not explicitly discuss any Factor Six evidence, particularly plaintiff's testimony that his preferred position to alleviate pain is when reclining with feet elevated. Does this omission constitute legal error warranting reversal of the Commissioner's decision?

▆ When recording credibility choices, an administrative law judge is not required to follow formalistic rules in his articulation. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir.1994). Moreover, failure to list or refer expressly to each issue does not mean that the judge did not consider them. *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 644 (5th Cir.1992). Even when a relevant fact appears in the record, a judge is not constrained to refer to it specifically. *Id.* Therefore, ALJ Leinberger's failure to discuss Factor Six evidence, or his conclusions relating thereto, is not error *per se.*

The court may sustain this point of error only if ALJ Leinberger's decision reflects that he did not appreciate that he was to evaluate plaintiff's subjective testimony in light of seven regulatory factors, or that he wholly failed to consider important aspects of plaintiff's testimony. The first inquiry must be answered in the negative. ALJ Leinberger not only cited Regulation 20 C.F.R. 404.1529, but also all interpretive rulings issued with respect thereto. Tr. 21. Clearly, he was aware of the legal requirements for evaluating subjective testimony, and he intended to comply.

The second inquiry is more obscure. ALJ Leinberger never expressly mentioned plaintiff's subjective testimony regarding the need to sit in a recliner with his feet elevated. However, he clearly did not disregard plaintiff's testimony. He acknowledged, for example, plaintiff's testimony that neuropathy in both feet causes constant pain, causes frequent stumbling, and affects his ability to concentrate. Tr. 21. Equally clearly, ALJ Leinberger thought that plaintiff's complaints of disabling pain were exaggerated. He cited medical evidence indicating that plaintiff's pain is controlled with medication producing no adverse side effects noted in medical records.[11] Tr. 21–22. ALJ Leinberger also cited plaintiff's testimony regarding daily activities (laundering, dish washing, cooking occasionally) and medical evidence recording plaintiff's increased physical activities when readying his home for sale, working in his garden, exercising, and vacationing in France for three months. Tr. 22.

ALJ Leinberger assessed plaintiff's pain as being "mild to moderate." Tr. 22. His ultimate credibility determination was that plaintiff's subjective testimony was "credible to the extent that he cannot perform above a sedentary level of exertion." Tr. 22. His hypothetical question to the vocational expert posited that plaintiff could perform work at the sedentary level with mild to moderate pain but *"in no other way precluded posturally, environmentally or otherwise."* Tr. 206. By necessary implication, he clearly rejected plaintiff's testimony about the need to recline with elevated feet.

▆ An administrative law judge's assessment of the disabling nature of a claimant's subjective pain is due considerable deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir.2001); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir.1991).

---

**11.** Plaintiff argues that expert medical testimony supports his claim that he cannot concentrate due to pain. ME Gaitz stated that "persistent pain *may* result in inability to concentrate and attend to task in some cases."

Tr. 204 (emphasis added). However, he also testified that plaintiff can perform sedentary work with no limitations, including postural limitations. Tr. 203.

There is no showing that ALJ Leinberger failed to apply correct principles of law, and thus no reason not to defer to his credibility assessment in this case.[12]

### b. Did ALJ Leinberger Violate Soc. Sec. R. 82–62?

■ ALJ Leinberger did not make an explicit finding as to the physical and mental demands of plaintiff's prior work as required by Soc. Sec. R. 82–62. He clearly erred in that respect. The pivotal question, therefore, is whether plaintiff has demonstrated prejudice arising from the error. More explicitly, has plaintiff shown that there is a reasonable possibility that ALJ Leinberger might have concluded that plaintiff is unable to perform his past relevant work had he made the finding directed by the Ruling?

■ Plaintiff's prejudice argument is an analytical bootstrap. It depends on his earlier argument that ALJ Leinberger made an improper credibility assessment. Plaintiff argues that had ALJ Leinberger made a *proper* credibility assessment, he would have *accepted* plaintiff's subjective testimony about the need to recline and elevate his feet. Plaintiff next asserts that had ALJ Leinberger made an explicit finding as to physical and mental demands of plaintiff's previous work, he inevitably would have concluded that the prior work did *not* permit reclining with elevated feet. ALJ Leinberger, perforce, would then find that plaintiff can no longer perform his past relevant work.

This point, however, fails because ALJ Leinberger acted properly and within his discretion when evaluating and rejecting plaintiff's subjective testimony that unrelenting pain requires him to recline and elevate his feet a substantial part of a normal work day. Since ALJ Leinberger committed no error when concluding that plaintiff's residual functional capacity for sedentary work is not limited posturally, plaintiff cannot show that had ALJ Leinberger made an explicit finding regarding demands of prior work, he might have reached a different conclusion regarding plaintiff's capacity to continue performing that work. This point of error fails, therefore, for lack of prejudice.

## VI. RECOMMENDATION

The Commissioner's decision should be affirmed.

## VII. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v.*

---

12. Plaintiff also argues that ALJ Leinberger violated the regulation by failing to discuss regulatory factors two and four *properly*. ALJ Leinberger clearly discussed evidence relating to these factors in his decision. Plaintiff's argument asserting that he did not consider the evidence properly essentially invites the court to re-weigh the evidence. Such action is beyond the realm of the court's jurisdiction. *See Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir.1989); *Neal v. Bowen*, 829 F.2d 528, 530 (5th Cir.1987). It is within an administrative law judge's discretion to weigh evidence and resolve conflicts. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir.1990); *Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir.1983). Consequently, this report does not further analyze plaintiff's arguments regarding regulatory factors two and four.

*United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

March 30, 2006.