Gary A. BEAN, Plaintiff,

v.

Jo Anne BARNHART, Commissioner of Social Security Administration, Defendant.

No. 1:05 CV 398.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 11, 2006.

Steven S. Packard, Beaumont, TX, for Plaintiff.

Steven A. Ford, Anoka, MN, for Defendant.

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CRONE, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct and the Report of the United States Magistrate Judge is ADOPTED. A Final Judgment will be entered separately, remanding this action to the Commissioner for rehearing under the fourth sentence of 42 U.S.C. § 405(g).

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review and submission of a report with a recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B) (2001) and Loc. R. CV–72 & App. B, R.1(H) for the Assignment of Duties to United States Magistrate Judges; *see also* Gen. Order 05–6.

### I. NATURE OF CASE

Plaintiff requests judicial review of the Commissioner of Social Security Administration's denial of his application for Supplemental Security Income benefits.[1] United States district courts may conduct limited judicial review of such decisions. 42 U.S.C. § 405 (2003).

### II. PROCEEDINGS

Plaintiff claims disability beginning November 1, 2001, due to *"cervical disc disease [and] chronic pain"* (Tr. 70). Following initial denial of his claim, plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 38). ALJ Earl Crump convened an evidentiary hearing at which plaintiff was represented by legal counsel, Marcia Delarue, Esq. Tr. 276.

ALJ Crump received direct testimony from plaintiff. The remaining evidentiary

---

**1.** Supplemental Security Income ("SSI") benefits are authorized by Title XVI of the Social Security Act, and are funded by general tax revenues. *See* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK, § 2100 (14th ed. 2001), *available at* http://www.ssa.gov/OP_Home/handbook. SSI is a general public assistance measure for the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of *indigence* and *disability*. H.R. REP. No. 92–231, (1972), reprinted in 1972 U.S.C.C.A.N. 4989, 5132–5133. See also 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C).

record consisted of reports from treating sources, a residual functional capacity assessment completed by a medical consultant [2] who reviewed plaintiff's medical records upon request of Texas Department of Disability Determinations, and testimony of a vocational expert witness, Dr. Norman Hooge, Ph.D.[3]

### III. Administrative Decision

ALJ Crump utilized the familiar, court-approved five-step sequential evaluation process to reach his decision.[4] At Step 4, he concluded first that, notwithstanding a severe impairment (degenerative disc disease of cervical spine), plaintiff retains residual functional capacity [5] (RFC) for "light work" [6] with certain limitations.[7] Second, and relying on vocational expert testimony, ALJ Crump found that plaintiff can still perform his past relevant work as a janitor. Tr. 15, Finding 5. He therefore determined that plaintiff is not disabled as defined in the Social Security Act. Tr. 15, Finding 6.

### IV. Points of Error

Plaintiff asserts the following points of error:

"The Commissioner failed to apply proper principles of law because:

1. The ALJ failed to properly perform a function by function assessment of the Plaintiff's Residual Functional Capacity by failing to discuss all of the Plaintiff's exertional and non-exertional limitations in accordance to 20 C.F.R. 404.1545, 416.945; and SSR 96–8p.

2. The ALJ failed to consider all of Plaintiff's impairments.

The Commissioner's decision is not supported by substantial evidence because:

3. The ALJ failed to make explicit and necessary findings as to the physical and mental demands of the Plaintiff's past work."

Pl.'s Br., p. 1.

### V. Discussion and Analysis

Points 1 and 3 allege specific errors in ALJ Crump's Step 4 determinations regarding plaintiff's residual functional capacity and ability to perform past relevant work. Point 2 is a stand-alone argument asserting a more general, fundamental er-

---

2. "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

3. Vocational Experts are utilized to "assess whether jobs exist for a person with the claimant's precise abilities." Gilliam v. Califano, 620 F.2d 691, 694 n. 1 (8th Cir.1980).

4. Regulations require a five-step sequential analysis for initial disability determinations. If a decision can be made at an early step, remaining steps are not considered. 20 C.F.R. § 416.920 (2005).

5. "Residual functional capacity (RFC) is defined as 'the most you can still do despite

your limitations.'" 20 C.F.R. § 416.945(a)(1) (2005).

6. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.... [Light work] requires a good deal of walking or standing, or ... sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b) (2005).

7. Those limitations are that plaintiff "should avoid crawling, climbing ropes, ladders, and scaffolds, and should use his right upper extremity to reach overhead only occasionally." Tr.14.

ror that potentially taints ALJ Crump's determinations throughout his Steps 2—4 findings. For this reason, Point 2 is addressed first.

## A. Alleged Error in Failing to Consider Impairment

Eligibility for SSI benefits turns largely on whether evidence reflects that an applicant has one or more impairments that separately or in combination render the applicant unable to engage in any substantial gainful activity for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). It is axiomatic, therefore, that an administrative law judge must consider all alleged impairments when deciding a disability claim. See 20 C.F.R. § 416.923 (2005); *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir.2000); *Crowley v. Apfel,* 197 F.3d 194, 197 (5th Cir.1999).

█ Plaintiff argues that the medical evidence establishes not only a cervical spine impairment, but also a lower back impairment. He asserts that ALJ Crump wholly failed to consider the latter when making determinative findings in this case.

ALJ Crump's decision reflects that he was *aware* of plaintiff's assertions of low back pain because he explicitly noted that plaintiff contends disability "due to low back pain." Tr. 12. He also elicited plaintiff's testimony regarding low back pain. Tr. 286–287. Therefore, he did not completely ignore this alleged impairment. However, when *evaluating* plaintiff's impairments, ALJ Crump mentions only plaintiff's impairment of the cervical spine.[8] His entire discussion centers on either success of plaintiff's surgery for de-

generative disc disease of the *cervical* spine (Tr. 13–14), or plaintiff's subjective complaints of recurring *back* pain (Tr. 13).

"Impairment" is a term of art.[9] ALJ Crump's decision is unclear as to whether he concluded that plaintiff's alleged lower back condition does not rise to the level of an impairment, or whether plaintiff's lower back impairment, considered singly or in combination with other impairments, simply did not qualify as a "severe" impairment for Step 2 purposes, or whether, given the general discussion of recurrent "back" pain, ALJ Crump concluded that plaintiff's cervical and lumbar complaints melded into a single back impairment such that successful cervical surgery somehow resolved the lumbar condition. In short, it is not clear *whether* or *how* ALJ Crump evaluated plaintiff's alleged lower back condition.

## B. Errors Alleged at Step 4

At Step 4 of the sequential evaluation process, an administrative law judge makes two critical findings. First, the judge determines an applicant's *residual functional capacity.* Second, the judge decides whether the applicant's residual functional capacity permits the applicant to perform *past relevant work.* If so, the application is denied. If not, the analysis proceeds to Step 5 where the application is approved unless the Commissioner shows the applicant can perform alternative available work.

The plaintiff argues that these two Step 4 determinations are erroneous in his case because ALJ Crump violated a Regulation

---

8. "Cervical" is defined as "pertaining to the neck." *Dorland's Illustrated Medical Dictionary* 325 (29th ed.2003).

9. For Social Security purposes, an "impairment" is an abnormality that can affect a person's ability to engage in substantial gain-

ful activity. In addition, the abnormality must be such that it can be shown by medically acceptable clinical and laboratory diagnostic techniques. It must be established by medical evidence, as opposed to a claimant's subjective statements or symptoms. 20 C.F.R. § 416.908 (2005).

in determining residual functional capacity, and ignored a governing Ruling when deciding that plaintiff can still perform his past relevant work.

### 1. Residual Functional Capacity Error

■ When determining residual functional capacity, an administrative law judge must assess an applicant's physical, mental, and sensory abilities, evaluate how they apply to that applicant's work-related functioning, and finally consider whether that applicant can sustain work-related activities in a work setting on a regular and continuing basis. See 20 C.F.R. § 416.945 (2005); Social Security Ruling 96–8p (1996), 1996 WL 374184, at *1. To guide and inform that process, the Commissioner directs adjudicators to consider seven ordinary physical functions. Those physical functions are:

1. Sitting
2. Standing
3. Walking
4. Lifting
5. Carrying
6. Pushing
7. Pulling

See 20 C.F.R. § 416.945(b) (2005). The Commissioner's implementing Ruling directs adjudicators to perform a function-by-function assessment before expressing residual functional capacity in terms of exertional levels of work. Soc. Sec. R. 96–8p, at *5.

Plaintiff argues that ALJ Crump failed to assess plaintiff's ability to sit, stand, walk, carry, push and pull before determining plaintiff's RFC. Plaintiff argues that this error is harmful because his past relevant work as a janitor requires these functions omitted from consideration. Pl.'s Br., p. 10–11.

If ALJ Crump engaged in a function-by-function assessment as required, such is not readily apparent from close reading of his decision. His decision does not substantiate that he was aware of that requirement because it does not cite either the Regulation or Ruling that govern such assessments. Nevertheless, after reviewing medical records from plaintiff's orthopedic surgeon, Dr. Erwin Lo, M.D., and from his pain management treating source, Dr. Lois Miller, D.O., ALJ Crump found that "the objective evidence does not establish any limitations in his ability to sit, stand, walk, or lift and carry at least 10 pounds frequently and 20 pounds occasionally." Tr. 13 (underscore added). This discussion suggests that ALJ Crump considered 5 of the 7 functions required by the Regulation.

Unfortunately, there is no similar indication that ALJ Crump considered the remaining factors, pushing or pulling, notwithstanding evidence pro and con on that subject.[10] Absent such, the court must conclude that he erred in failing to apply the Regulation and its implementing Ruling.

### 2. Past Relevant Work Error

■ A Social Security Ruling guides administrative adjudicators when determining whether claimants can perform their past relevant work. "Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General," Soc. Sec. R. 82–62 (1982), 1982 WL 31386. That Ruling directs adjudicators to set

---

10. Medical records from Gulf Coast Health Center reflect that plaintiff was cautioned to avoid pulling. Tr. 124, 136, 138. Plaintiff himself testified that lower back pain requires him to spend up to 16 hours each day in bed (Tr.) affects his legs (Tr. 287), and necessitates use of a cane because he loses his balance while walking (Tr. 291). His legs "give out" all the time (Tr. 301).

On the other hand, Dr. William M. Runkle, M.D., found that plaintiff can push and pull with unlimited ability. Tr. 209.

forth a rationale regarding ability to perform past relevant work which *"show[s] clearly how specific evidence leads to a conclusion." Id.,* at *4. Further, when adjudicators determine that claimants can perform past relevant work, their decision must contain findings of fact regarding:

1. the claimant's RFC;

2. the physical and mental demands of the job or occupation; and

3. the individual's RFC would permit a return to his or her past job or occupation.

*Id.*

Plaintiff argues that ALJ Crump failed to make findings regarding physical demands of his past work as a janitor. He contends that such failure constitutes reversible error because pushing and pulling are inherent in janitorial work (e.g., required for sweeping and mopping), and because medical evidence establishes that plaintiff has limited ability to push and pull. Pl.'s Br., p. 13.

Plaintiff's point is meritorious. ALJ Crump's decision nowhere recites or otherwise reflects the physical and mental demands of the plaintiff's previous job or occupation. It does not discuss how plaintiff's residual functional capacity permits him to return to his past work, particularly with respect to pushing and pulling. It does not "show clearly how specific evidence leads to a conclusion" that plaintiff can perform prior relevant work. Therefore, the decision fails to adhere to the requirements of Social Security Ruling 82–62.

## C. Do These Errors Warrant Reversal and Remand?

■ The foregoing discussion and analysis demonstrate that (1) ALJ Crump dealt with one alleged impairment (lumbar back pain) in a manner that does not reflect whether he evaluated that impairment, and if so, escapes meaningful judicial review as to what he decided; (2) ALJ Crump did not comply with the Regulation and implementing Ruling governing residual functional capacity determinations; and (3) ALJ Crump did not adhere to the Ruling establishing requirements for deciding when applicants can still perform past relevant work. Thus, his written opinion reflects several decisional errors.

Mere presence of multiple errors, however, does not automatically warrant reversal. Judicial review of the Commissioner's decision is deferential, and courts adhere to a wise convention to not reverse and remand an administrative case "in quest of a perfect opinion" unless there is reason to believe that a remand might lead to a different result. *See Stafford v. Barnhart* 402 F.Supp.2d 717, 724 (E.D.Tex.2005) (citing *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir.1989)). Thus, when an error consists of disregard of a *Ruling,* remand is appropriate only when the aggrieved party demonstrates prejudice. *Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir.1981) (citing *Pacific Molasses Co. v. Federal Trade Commission,* 356 F.2d 386, 390 (5th Cir.1966)).[11] Similarly, error consisting of violation of a *Regulation* may be disregarded when a reviewing court concludes it is harmless.[12] *See Parker v.*

---

**11.** A claimant establishes prejudice by showing that adherence to the Ruling might have led to a different decision. *Newton v. Apfel,* 209 F.3d 448 (5th Cir.2000) (citing *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir.1995)) (*Ripley* ultimately citing *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir.1984)); *see also Welsh v. Barnhart,* 2002 WL 32073076 (E.D.Tex. Dec. 23, 2002).

**12.** Invoking the harmless error rule is appropriate when "remand would be an idle and useless formality." *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 1430, 22 L.Ed.2d 709 (1969). In such cases, courts are not required to "convert judicial review of agency action into a ping-pong game." *Id.See also, Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir.2003) ("It is inconceiv-

*Barnhart,* 431 F.Supp.2d 665, 672 (E.D.Tex.2006); *Oderbert v. Barnhart,* 413 F.Supp.2d 800, 805 (E.D.Tex.2006); *Stafford v. Barnhart,* 402 F.Supp.2d at 724.

Analysis of ALJ Crump's decisional errors in a vacuum might result in a conclusion that these errors did not prejudice or harm plaintiff. However, the court should reverse and remand in this case without engaging in harmless error or prejudice analysis for a reason unrelated to the errors discussed above.

Quite simply, there is an obvious and fatal disconnect in ALJ Crump's determinative finding that plaintiff can perform his past relevant work as a janitor. ALJ Crump determined that plaintiff's residual functional capacity is limited to *light* work with significant limitations.[13] He specifically "concede[d] that [plaintiff] should avoid very strenuous physical activity, *such as normally demanded in medium or heavy exertional level work,* or frequent or constant postural movements." Tr. 14, emphasis added. Yet, janitorial work is classified as heavy or medium.

The *Dictionary of Occupational Titles* (DOT) is a publication on which the Commissioner relies "for information about the requirements of work in the national economy." Social Security Ruling 00–4p (2000), 2000 WL 1898704, at *2. DOT lists four types of janitorial work, all of which are categorized as either *heavy* or *medi-*

um.[14] Therefore, absent evidence that plaintiff's past janitorial work—as he performed it—was at the light exertional level, ALJ Crump's decision is so internally conflicted that it cannot stand.[15]

Given the internal inconsistency just mentioned, together with the multiple decisional errors identified in Parts V., A. and B., above, a reviewing court cannot conclude with acceptable confidence that the decision denying plaintiff's application was made by applying correct principles of law and that it is supported by substantial evidence.

## VI. RECOMMENDATION

The Commissioner's decision should be reversed and remanded for further consideration.

## VII. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendation contained in this report within 10 days after service shall bar an aggrieved party from *de novo* review by the district court

---

able that the ALJ would have reached a different conclusion on this record. . . ."); *Morris v. Bowen,* 864 F.2d 333, 336 (5th Cir.1988); (*Nall v. Barnhart,* 78 Fed.Appx. 996, 997 (5th Cir.2003)) (Failure to apply all credibility factors was harmless error when claimant did not allege missing factors applied).

13. See note 7, supra.

14. See *Dictionary of Occupational Titles* §§ 381.687–014, 381.687–018, 382.664–010, 389.667–010 (1991), *available at* www. westlaw.com (database DICOT).

15. VE Hooge thought that his testimony was consistent with information in the DOT. Tr. 310. He speculated, incorrectly, that janitorial work is light in exertional requirements. Tr. 307. An administrative law judge may rely on expert vocational testimony that conflicts with information in the DOT, but only when the judge "resolve(s) this conflict before relying on the VE ... evidence" and "explain(s) in the determination or decision how he or she resolved the conflict." Soc. Sec. R. 00–4p (2000), 2000 WL 1898704, at *4. Neither VE Hooge nor ALJ Crump purported to resolve this conflict, apparently because neither was aware of it.

of the proposed findings and recommendations.